Rae SCHUPACK, Individually and Rae Schupack on behalf of herself and all other stockholders of 2170 East Lake Road, Inc.,

v.

Albert COVELLI, Robert Orchard, 2170 East Lake Road, Inc., and McDonald's Corporation.

Civ. A. No. 80–66 Erie.

United States District Court, W. D. Pennsylvania.

Sept. 30, 1980.

Wallace J. Knox and Paul F. Curry, Erie, Pa., for plaintiff.

John Gent, Erie, Pa., for Covelli.

Alfred G. Yates, Pittsburgh, Pa., for Orchard.

Frederic S. Lane and Robert B. Millner, Chicago, Ill., Shelby Yastrow, Oakbrook, Ill., Barbara Malett, Erie, Pa., for McDonald Corp.

## OPINION AND ORDER

WEBER, Chief Judge.

This case arises out of a stock redemption agreement executed in May of 1977. At

that time the Plaintiff, Rae Schupack, was a stockholder in 2170 East Lake Road, Inc., a firm which was exclusively licensed by McDonald's Corporation to operate McDonald's fast food restaurants in the Erie Pennsylvania area. Robert Orchard and Albert Covelli were the majority shareholders of 2170 East Lake Road, Inc. Under the terms of the stock redemption agreement, ten minority shareholders of 2170 East Lake Road, Inc., including the Plaintiff, agreed to sell their stock back to the corporation at a total purchase price of $108,000. Moreover, the redemption agreement provided that the Second National Bank of Warren, Warren, Ohio, would act as escrow agent, holding the stock pending complete payment by the corporation.

In May of 1980 the Plaintiff filed in this Court a six count complaint against 2170 East Lake Road, Inc., McDonald's, Orchard and Covelli alleging that this stock redemption violated state and federal securities laws and Pennsylvania's common law of corporations. Although the Plaintiff's complaint proceeds under a number of distinct theories, basically what it alleges is that the stock redemption was improper because, at the time of redemption, the Plaintiff was not informed that McDonald's had franchised Orchard and Covelli individually to operate a McDonald's restaurant within the exclusive licensed territory of 2170 East Lake Road, Inc.

Presently there is before this Court a motion by defendant McDonald's to strike and dismiss Count VI of this complaint. In this count the Plaintiff sues derivatively on behalf of 2170 East Lake Road, Inc. against McDonald's Corporation, charging that McDonald's violated its franchise agreement with 2170 by granting a separate franchise to Orchard and Covelli. In its motion to strike McDonald's argues that the Plaintiff lacks standing to bring a shareholders' derivative action because she is not presently a shareholder in 2170 East Lake Road, Inc. We disagree. Accordingly we deny McDonald's motion to strike Count VI of this complaint.

■ The requirement that one have a present possessory interest in the stock of a corporation in order to sue derivatively on its behalf is a basic fundamental of corporation law. See e. g., 19 Am.Jur.2d, Corporations, § 559; 18 C.J.S. Corporations, § 566; Sum.Pa.Jur., Corporations, § 237 and cases cited therein. The rationale behind this standing requirement is quite simply the belief that only a party with an on–going proprietary interest in the corporation will adequately represent the corporation's interests in a derivative action. See e. g., Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 547–550, 69 S.Ct. 1221, 1226–1227, 93 L.Ed. 1528 (1949); Kauffman v. Dreyfus Fund, Inc., 434 F.2d 727, 735–736 (3d Cir. 1970), cert. denied, 401 U.S. 974, 91 S.Ct. 1190, 28 L.Ed.2d 323 (1971). Moreover, this standing requirement is also implicit in the Federal Rules of Civil Procedure, which state that derivative actions may be "brought by one or more shareholders ...." Fed.Rules Civ.Proc., Rule 23.1.

■ It is important to note, however, that one need not have legal title to stock in order to satisfy this standing requirement. Quite the contrary, it is clear that an equitable shareholder possesses a sufficient proprietary interest in the corporation to sue on its behalf. See e. g., In re The Pittsburgh and Lake Erie Railroad Company Securities and Antitrust Litigation, Appeal of Objector Irving Trust Co., 543 F.2d 1058, 1067 (3d Cir. 1976), (Pledgee of stock has standing to sue derivatively); Scott v. Multi–Amp Corp., 386 F.Supp. 44 (D.C.N.J. 1974).

In this case the Plaintiff asserts that it is such an equitable shareholder of stock of 2170 East Lake Road, Inc. for two reasons.

First the Plaintiff argues that the Defendants fraudulently failed to disclose McDonald's separate dealings with Orchard and Covelli at the time of the original stock redemption. Since this stock redemption agreement was fraudulently entered into, the Plaintiff contends that she is entitled to rescission of that agreement and the return of the stock. Therefore, under the Plaintiff's theory, this right to rescission gives her equitable ownership of the stock.

# 706

We recognise that there is a division of authority on the question of whether a right to rescission is sufficient to establish an equitable ownership of stock. *Compare, Orenstein v. Compusamp, Inc.*, 19 F.R. Serv.2d 466 (S.D.N.Y.1974) *with Willcox v. Harriman Securities Corp.*, 10 F.Supp. 532 (S.D.N.Y.1933). *See generally*, 19 Am.Jur. 2d., *Corporations*, § 567. We feel, however, in this case that the better reasoned position is that taken by the Plaintiff. In reaching this conclusion we find particularly persuasive the line of analysis suggested by § 567 of 19 Am.Jur.2d, *Corporations*, which states:

> "Where the wrongful conduct which caused a stockholder to transfer or lose title to his stock is part of a course of conduct which also injured the corporation, so that evidence proving the wrong to the corporation will, either alone or with little additional evidence, establish the shareholder's right to recover his stock, he may maintain one suit to recover both the derivative and individual rights."

In our view, this is a well reasoned approach to the question of shareholder standing to sue. As noted earlier, the basic policy underlying this standing requirement in derivative suits is the belief that the interests of the individual plaintiff should be consistent with those of the corporation he purports to represent. In a case such as this one, where standing is premised on a right to rescission, the fact that the corporate injury and shareholder's right to rescission arise out of the same transaction would insure the necessary commonality of interest between the individual plaintiff and the corporation. Therefore the policies behind limited standing in derivative suits would be satisfied by allowing such claims.

In our case the wrong allegedly done to the corporation by McDonald's was the licensing of Orchard and Covelli to operate a McDonald's restaurant within the exclusive territory of 2170 East Lake Road, Inc. Similarly, it is argued that the stock redemption was fraudulent because the Plaintiff was not informed of the franchise granted by McDonald's to Orchard and Covelli. Clearly then in this case the elements necessary to prove the Plaintiff's right to rescission and the wrong done to the corporation are strikingly similar. Accordingly we hold that the Plaintiff's equitable interest in this stock is sufficient to give her standing to bring a derivative action on behalf of the corporation.

■ The Plaintiff also argues that it is an equitable shareholder by virtue of the interest it retained in this stock under the escrow agreement entered into in May of 1977. As noted above, at the time of the stock redemption it was agreed that the shares would be held by the Second National Bank of Warren as an escrow agent, pending completion of payment by the corporation.

According to the Plaintiff final payment has not, as of yet, been made by the corporation and the shares are still in the possession of the escrow agent. Therefore, the Plaintiff argues that it retains an equitable interest in those shares in the form of a right to possession in the event the corporation defaults in its payments. We agree but would go one step further. Generally "(u)nder the usual escrow agreement, the depositor loses control of the instrument or money placed in escrow, although he still retains legal title thereto until performance of the condition or the happening of the specific event upon which delivery is to be made to the depository." *Paul v. Kennedy*, 376 Pa. 312, 314, 102 A.2d 158, 159 (1954). *See also*, 28 Am.Jur.2d, *Escrow*, § 10. In this case the condition, payment by 2170 East Lake Road, Inc., was not performed. Therefore, the Plaintiff, Rae Schupack, retained not only an equitable interest but also legal title to the stock. In our view this interest is also clearly sufficient to meet the standing requirements imposed in shareholder derivative suits.

■ Finally, we note the Defendant McDonald's has filed a surreply with the Court which contends that this second theory advanced by the Plaintiff is insufficient to prevent dismissal. The apparent rationale behind the Defendant's contention is that

the escrow agreement was neither pleaded nor attached to the Plaintiff's complaint and that this theory is based on facts other than those stated in the complaint. The nature of the escrow arrangement is only described in the Plaintiff's supplemental brief. We do not believe that the Plaintiff's failure to allege to this escrow agreement in her complaint justifies striking Count VI of the complaint. We have held her equitable interest sufficient to sustain her derivative action without the escrow allegation, and in any event would have allowed the pleading to be amended. We do not agree that this new allegation effects an abandonment of plaintiff's claim of equitable ownership. We believe that a proper course would be for the plaintiff to amend her complaint to more accurately conform to the allegations raised for the first time in her brief.