**Robert ORCHARD, individually and Robert Orchard, on behalf of himself and all other stockholders,**

v.

**Albert COVELLI, Josephine Covelli, Sylvestro Covelli, a/k/a Sam Covelli, John T. Milligan, McDonald's Corporation, Peach St., Inc., Penninsula Drive, Inc., 2170 East Lake Road, Inc., 1311 Broad Street, Inc., 2650 Twenty-Sixth Street, Inc., and 1115 Sass., Inc.**

Civ. A. No. 84–158.

United States District Court,
W.D. Pennsylvania.

Jan. 26, 1987.

**1174**

Wallace J. Knox, Erie, Pa., for plaintiffs.

T. Warren Jones, Erie, Pa., for Mc-Donald's Corp.

John G. Gent, Erie, Pa., for defendants.

## OPINION

GERALD J. WEBER, District Judge.

This case has a considerable prior history beginning with C.A. 78–72 Erie and C.A. 81–149 Erie and the facts are set forth in the opinion covering that case published in *Orchard v. Covelli, et al*, 590 F.Supp. 1548 (W.D. Pa.1984) affd. 802 F.2d 448 (3rd Cir. 1986).

The parties in that action were the same as here, except for McDonald's which was not named.

We have essentially three diverse interests here, and for simplicity in this opinion we will designate the plaintiff as Orchard, McDonald's as McDonald's, and all other defendants collectively as Covelli, the name of the principle defendant and controlling stockholder in the various defendant corporations.

Plaintiff Orchard in those actions alleged that the Covelli defendants (a) misappropriated corporate assets and opportunities, (b) breached an oral contract to give Orchard a 50% interest, (c) breached an oral contract of employment, and (d) breached a fiduciary duty to Orchard as a minority stockholder.

The case proceeded through extensive discovery and was ready for trial when both the present plaintiff and the present defendants, including McDonalds, were named defendants in a suit brought by former stockholder (The Chicago Group) whose interests had been previously bought out. *Schupack v. Covelli, Orchard and McDonalds*, 498 F.Supp. 704 (W.D.Pa. 1980). Based on information developed in the earlier suit the Chicago Group alleged that they had been defrauded in the buy-out. Further action in the earlier suit was stayed until the resolution of the Chicago Group suit, which was settled after a non-jury trial. The non-jury trial of the earlier suits proceeded and resulted in an opinion and order of this court on July 6, 1984; (see *Orchard v. Covelli*, 590 F.Supp. 1548), which found for Orchard in the sum of $535,690 "as fair compensation for any and all interest held in the various corporations and in satisfaction of all claims asserted against the above named defendants." After denial of defendants post-trial motions for new trial or to amend judgment plaintiff appealed.

On May 23, 1984, Orchard, on behalf of himself and all other stockholders filed the present action of C.A. 84–158 Erie by separate counsel, albeit the same counsel that represented the Chicago group in the above mentioned action at C.A. 80–66 Erie. Defendants moved to stay further proceedings in this action until the resolution of the appeals in C.A. 78–72 Erie and C.A. 81–149 Erie. This motion was granted.

The Court of Appeals affirmed the Order of this Court of July 6, 1984, on September 11, 1986 and Orchard moved for payment of the proceeds which had been deposited in Court, and the judgment was satisfied.

We now have motions on behalf of all defendants to dismiss the present action. The motion of McDonald's is grounded on estoppel because it was not a party to the prior action; the motion of all other defendants is based on collateral estoppel and res judicata.

### I. The McDonald's Motion

Plaintiff insists that the present suit against McDonald's is based on arbitrary termination of franchises which plaintiff, Orchard, held jointly with defendant Albert Covelli. Actually, no franchises were terminated; they expired, but the plaintiff

Orchard was not named in the renewal franchises for the enterprises.

While McDonald's was not a party to the prior litigation, it was necessary for the court to determine the allegations that defendant had misappropriated corporate assets by failing to secure from McDonald's extensions of the prior franchises in the names of both Orchard and Covelli, but received the renewal in Covelli's name only. In order to determine this issue it was necessary for this court to receive evidence on the McDonald's franchise agreements, their terms, McDonald's conditions for issuing and renewing, McDonald's offer to renew in Covelli's name alone, and Covelli's action or failure to act in exercising the option to renew. See finding of fact Nos. 25, 26, 27, and 28, 590 F.Supp. pp 1552–53. We came to the conclusion of law that McDonald's was under no legal obligation to renew the original franchises. (p. 1554). These findings of fact and conclusion of law were necessary to determine the issue between Orchard and Covelli of usurpation of a corporate opportunity.

The evidence indicated McDonald's gave consideration to renewing the franchises with Orchard as a shareholder. There is evidence of McDonald's dissatisfaction with Orchard's performances as manager. McDonald's was aware at the time of renewal that Orchard was not participating in the operation of any Erie restaurants. McDonald's had a policy not to grant franchises to entities which were not fully owneroperated. It had learned from Milligan that Orchard acquired a franchise in a restaurant of a competing restaurant chain, contrary to the express conditions of the Erie franchises. See e.g. *Martino v. McDonald's System, Inc.*, 598 F.2d 1079 (7th Cir. 1979).

As a consequence McDonald's refused to renew the franchises in the name of the corporation in which Orchard had an interest and thereafter specifically refused Covelli's request to be allowed to assign the leases to these corporations. Under the circumstances, the corporations in which Orchard had an interest had no right of renewal enforceable against McDonald's, and McDonald's decision to invest Covelli with exclusive franchises can not form the basis to claim misappropriation of a corporate asset, 590 F.Supp. at 1554.

■ McDonald's asserts that Orchard is barred from bringing the present action because Orchard raises issues that were fully litigated in the prior suit. Collateral estoppel, issue preclusion, bars a party from relitigating issues decided in a prior proceeding where:

(1) The issue decided in the prior litigation is identical to the issue presented in the action in question;

(2) The prior litigation resulted in final judgment on the merits;

(3) The party against whom the estoppel is asserted was a party to the prior action; and

(4) The party against whom the estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action.

*Scooper Dooper, Inc. v. Kraftco Corp.*, 494 F.2d 840,844 (3rd Cir.1974).

It is not essential that McDonald's be a party to the prior action; the estoppel is asserted against Orchard, the present and prior plaintiff.

■ The finding in the prior action, which is asserted to estop the present plaintiff, must have been essential to the judgment therein. *A. Stucki Co. v. Schwam*, 634 F.Supp. 259,262 (E.D.Pa.1986). The issue of whether McDonald's had any contractual obligation to renew the original franchises was litigated in determining Covelli's obligation to secure such renewal or his alleged misappropriation of a corporate opportunity. These matters were fully explored at trial and are covered in the court's findings.

The facts concerning Orchard's breach of the franchise agreement by acquiring an interest in a competing chain, his non participation in the operations of the Erie restaurants, and McDonald's policy with regard to these factors, and the very language of the original franchises with re-

gard to "first consideration" for renewal, were fully covered by the evidence and the court's findings.

While Orchard argues that a franchisor may not arbitrarily terminate a franchise without cause, citing *Atlantic Richfield Co. v. Razumic*, 480 Pa. 366, 390 A.2d 736 (1978), we note that the Atlantic case was governed by a Pennsylvania statute governing franchises for distribution of gasoline or petroleum products (72 P.S. 202–1), and the present case involved renewal of franchises on their expiration. The uncontradicted evidence in the present case shows that McDonald's had cause for not renewing any franchise to Orchard. This evidence shows that the issue of McDonald's obligation was material to the decision and that Orchard had a full and fair opportunity to litigate the matter. *Public Service Mutual Insurance Co. v. Cohen*, 616 F.2d 704,708 (3rd Cir.1980).

For the foregoing reasons the motion of McDonalds to dismiss the counts of the Complaint as to it will be GRANTED.

### II. The Covelli Group Motion

■ The motion of the defendants in the Covelli group is based on the res judicata effect of the prior judgment in the action between these same parties. Plaintiff has proferred an amendment to his complaint to set forth what he believes to be the specific issue of this suit, a claim that the plaintiff was not paid dividends by the various defendant corporations controlled by Covelli. He alleges that because these were Subchapter S Corporations treated for tax purposes as partnerships, he was charged with a certain portion of the corporate net income and required to pay income taxes thereon, but never received any income because the directors failed to declare dividends.

Plaintiff alleges that his dividend claims were not raised or decided in the prior case, and are therefore not barred by res judicata.

We conclude to the contrary. The right to dividends was raised at trial. The court devised an equitable remedy for the plaintiff's claims based on a buy-out formula in

settlement of all claims, but made no specific award for unpaid dividends. After the entry of judgment on July 6, 1984, plaintiff filed a Motion to Amend Judgment, or in the alternative, Motion for New Trial. This was specifically addressed to the damages award alleging that they were insufficient, particularly in failing to award damages for the failure of defendant corporations (the Covelli-controlled corporations) to pay Orchard dividends while he was a shareholder of the corporations. This motion was denied on August 22, 1984. The opinion recited:

> The damages provided Plaintiff for his interest in the corporations under the formula adopted by the court is the only measure of damages that is fair and equitable under the circumstances of this case. We reiterate that the Plaintiff's claims for the most part were found to be without merit.

The August 22, 1984 Order denying amendment or new trial was the basis of the appeal. In the first case the acts complained of, the evidence, witnesses, and documents relied upon would be the same, and the demands for relief are the same as would be offered in support of the present suit, even with its amendments.

On appeal, Orchard's brief continued the argument of failure to award damages for unpaid dividends, and appellee responded in his brief with reference to the evidence of why no dividends were paid.

Thus we find that evidence on the dividend question was presented to the trial court, that it was raised by Orchard's post trial motions, and that it was again raised on appeal.

The Court of Appeals affirmed the findings and opinion of this court by Judgment Order on September 11, 1986.

We find that the issues raised by the Complaint in this case, and even the proffered Amended Complaint, are the same as those raised and decided in the prior litigation, they would be proven by the same evidence. The demand for relief is the

same. The matter was decided on the merits.

Where there is a final valid judgment entered on the merits the doctrine of resjudicata precludes relitigation of the same cause of action between the same parties.

The judgment is a conclusive determination as to the claim or demand in controversy, not only as to every matter which was offered and received to sustain a defeat the claim or demand, but as to any admissable matter which might have been offered for that purpose.

*Donegal Steel Foundry Co. v. Accurate Products, Co.*, 516 F.2d 583, 587 (3rd Cir.1975).

We conclude that plaintiffs claims against the Covelli defendants are barred by the doctrine of res judicata.

### ORDER

NOW, this 23rd day of January, 1987, IT IS ORDERED that:

1. Plaintiffs motion for leave to amend complaint is DENIED.

2. Plaintiffs claims against defendants Albert Covelli, Josephine Covelli, Sylvestro Covelli a/k/a Sam Covelli, John T. Milligan, Peach Street, Inc., Penninsula Drive, Inc., 2170 East Lake Road, Inc., 1311 Broad Street, Inc., 2650 Twenty-sixth Street, Inc., and 1115 Sassafrass, Inc., are DISMISSED.

3. Plaintiffs claims against defendant McDonald's Corporation are DISMISSED.

4. Plaintiffs Complaint is DISMISSED and judgment is entered in favor of all defendants, with prejudice.